**SALANOA S. P. AUMOEUALOGO, of Tula,**
**Petitioner**

v.

**LESOLO HARO MAMOE, and his wife VITA**
**and FAATOESEGA (F) of Tula, Defendants**

No. 250-1966

High Court of American Samoa

Civil Jurisdiction, Trial Division

January 8, 1967

Salanoa S. P. Aumoeualogo, *pro se* and by Associate Counsel Soli Aumoeualogo.

Lesolo Haro Mamoe, Vita, and Faatoesega, Lesolo Haro Mamoe, *pro se* and counsel for co-defendants.

OPINION OF THE COURT

HYDEN, *Chief Justice.*

In this action the plaintiff, Salanoa S. P. Aumoeualogo, (hereinafter called Salanoa) seeks to enjoin the three defendants, Lesolo Haro Mamoe and his wife Vita and her sister Faatoesega from interfering with the plaintiff's proposed survey and construction of a house under the Gov-

743     .

ernment's Hurricane or Disaster Houseing [sic] Program. The plaintiff alleges that he is the owner of a land located in the village of Tula, Vaifanua County, American Samoa and that the defendants, without lawful authority have interfered with the surveyors and have ignored a cease and desist order issued by the Secretary of Samoan Affairs pursuant to Section 9.0113 of the Code of American Samoa, 1961 Edition.

The plaintiff avers that the continuation of these actions by the defendants will, if not enjoined by this Court, result in irreparable damage to the plaintiff.

The initial proceedings in this matter consisted of viewing the premises and taking testimony in Tula on December 21, 1966. Following this the Court issued a temporary restraining order restraining the three named defendants from interfering with the survey of the site. Simultaneously, the Court fixed December 28, 1966 for further proceedings. Accordingly, the matter came on for hearing on December 28, 1966 and posed the issue of whether the temporary restraining order should be dissolved or whether the plaintiff was entitled to a permanent injunction.

At the outset, it should be observed that the Government's Disaster or Hurricane Housing Program is scheduled for completion in February, 1967, it being understood by the Court that all such construction must be completed by that time. It is thus clear that the instant case presents a question of some urgency to the parties and we find that the equity powers of this Court have been properly invoked.

The plaintiff testified in his own behalf. He claimed that the land was the individual property of his mother, Sarona and that he was her heir. Alternatively, the plaintiff claimed that the land was part of the communal family land of the Salanoa Family and that he is the Salanoa, the senior matai in the village of Tula. In support of the plaintiff's claim of ownership as heir of Sarona the plaintiff brought

to the attention of the Court the transcript in case No. 8-1920 in which testimony was taken on June 28, 1921. In that case, styled *Salanoa v. Sarona, Faleauto and Leatapo*, the plaintiff, Salanoa Va'a, sought to restrain and enjoin the defendants from interfering with the plaintiff's rights to two different tracts of land, known as Tuluiga and Saleva'a. Although the official record in that case includes a transcript of the testimony taken, no judgment, order or decree based on the evidence in the case can be found. The plaintiff, therefore, was unable to establish that the proceedings in case No. 8-1920 served to adjudicate anything, but he did allude to testimony in that case in an effort to establish, through that testimony, that his mother, Sarona, who was one of the defendants in that case and other defendants all disputed Salanoa's claim with respect to a portion of the land called Saleva'a and which portion those defendants referred to by the name of Sinavevela. The plaintiff in the present case also claims that the land now in dispute is properly known as Sinavevela. The defendants in the present case all claim, as did the plaintiff in case No. 8-1920, that the land now in dispute is a portion of a larger tract bearing the name Saleva'a.

Upon consideration of the evidence in this case the Court is convinced that the matter of the proper nomenclature of the land is not of controlling consequence. A finding by this Court on that point at this time would not serve to resolve the issues presented by this case.

As previously stated, in the earlier case (8-1920) the three defendants all denied that the land was part of the communal or family land of the Salanoa Family. In that case Sarona claimed title through Salanoa Leatapo who was the father of her co-defendant, Leatapo. Leatapo, on the other hand, claimed title through Tapopo, a matai of Alao. The plaintiff in that case presented evidence that the pule or authority over the lands was originally in Taua of Alao

who gave the lands to Salanoa Togiai following the latter's marriage to Taua's sister, Siuli. The plaintiff's evidence was to the further effect that members of the Salanoa Family started cultivating the property and building structures thereon and that such exercise of ownership and control by the Salanoa Family continued from the days of Salanoa Togiai down through the tenure of his successor, Salanoa Leatapo and was still continuing at the time of the proceedings while the title was held by the plaintiff, Salanoa Va'a.

Since no person has been able to show the Court that any judgment, order or decree was entered in case No. 8-1920, we must conclude that those proceedings do not constitute res judicata against any of the parties in the present case. However, the testimony in that case is properly before the Court and serves to illuminate the history of the use of the land and the origins of the claims now being considered. Our reading of the evidence in the prior case indicates that the preponderance of that evidence favors the plaintiff, Salanoa Va'a. The various defendants in that case all rested their claims on an alleged parcelling out or distribution of communal lands throughout earlier years. It will suffice to observe that a systematic and steady diminution and deterioration of the family land base is hardly in keeping with the Samoan custom of retention of land in the family for the support and maintenance of the family and under the control of the head of the family.

The two defendants Lesolo Haro Mamoe and Vita are husband and wife. The third defendant Faatoesega is Vita's sister. The only evidence presented by the defendants was the testimony of Vita. She claimed that the land in question is a part of the tract known as Saleva'a. She further claimed that her grandfather Salanoa Leatapo gave the land to her father Leatapo and that he in turn gave it to her. Although she conceded that she and her sister were mem-

bers of the Salanoa Family she claimed that the land in question was no longer Salanoa Family land but had been carved out of the family holdings and given to her ancestors in the manner described above.

The defendants conceded that their claim and their predecessor's claim to individual ownership of the land had never been surveyed and registered in accordance with the laws of American Samoa. Indeed, the defendants offered no evidence that would tend to corroborate the claim that their ancestors had given them the land.

In support of his contention the plaintiff offered proof of three leases executed by himself, Salanoa S. P. Aumoeualogo, in his capacity as "matai of the Salanoa Family," as lessor, in favor of Faatoesega and Lesolo Haro Mamoe (defendants in this case) and Porotesano Lesolo (brother of defendants Vita and Faatoesega), as lessees. These three leases were entered into in accordance with the procedures and requirements set up by the Government of American Samoa for the prosecution of its Disaster or Hurricane Housing Program. All of the leases were executed in both the English and Samoan languages and were approved by the Governor of American Samoa. All of these leases were entered into by the parties upon the express understanding that the leased premises were a part of the communal or family lands under the control of the lessor and the lessees all covenanted to render service to the lessor according to the Samoan custom as part of the consideration for the lease. These leases, in our judgment, conclusively resolve the issue presented by the pleadings and evidence in this case.

First, it must be noted that one of the most firmly fixed rules in Anglo-American jurisprudence is that a lessee of land cannot be heard to dispute his lessor's title. Secondly, these leases, taken together with the rest of the evidence in this case serves to buttress the proof that these

lands have historically been treated as communal or family lands of the Salanoa Family.

On the basis of a preponderance of the evidence it is concluded that the plaintiff, Salanoa S. P. Aumoeualogo is fully authorized as the senior matai of the Salanoa Family to proceed without interference from the defendants in the projected survey and construction of a Disaster or Hurricane house under the procedures established by the Government of American Samoa. It is further concluded, conversely, that the defendants have no legal justification or right to interfere with the plaintiff's survey of the site or with the construction of the house.

Accordingly, an appropriate order will be entered permanently enjoining the three named defendants, Lesolo Haro Mamoe and his wife Vita and Faatoesega and all persons acting by, through or under them from interfering with the plaintiff, his agents and persons acting by, through and under him in surveying the site and constructing the house.

Court costs in the amount of $45 are hereby assessed against the three defendants to be borne by them in equal amounts of $15 each to be paid within 30 days.

Done this 6th day of January, 1967.